IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERRITHEW/HOWELL, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PARK POINTE REALTY, INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No. CV-06-061-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

The Court has before it Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 27), and Defendant's Motion for Leave to File Amended Answer to Plaintiff's [Third] Amended Complaint and Demand for Jury Trial (Docket No. 28). The parties informed the Court that the motions are fully briefed and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Id. L. R. 7.1(b). Accordingly, the Court enters the following Memorandum Decision and Order.

## ANALYSIS

**I.    Motion to Amend Case Management Order**

Plaintiffs seek to extend the deadline for amendment of pleadings and

joinder of parties as currently set in the Court's Case Management Order.  At this point, Plaintiffs do not specifically seek to amend their complaint, but rather request additional time to seek amendment of their complaint under the liberal F.R.C.P 15(a) standard as opposed to the more restrictive F.R.C.P. 16(b).  Pursuant to Rule 15(a), following a responsive pleading, a party may amend its pleading by leave of court freely given or written consent of the adverse party.  However, once the court enters a scheduling order pursuant to Rule 16(b), the more restrictive provisions of that subsection requiring a showing of "good cause" for failing to amend prior to the deadline in that order apply.  *See Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir. 2000).

The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Thus, the Court must evaluate "the moving party's diligence in attempting to meet the Case Management Order's requirements."  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson*, 975 F.2d at 609).  Any prejudice to the opposing party can be an additional reason to deny a motion to amend, but it is not the main focus of the Court's inquiry.  *Johnson*, 975 F.2d at 609.

The procedural history of this case is far from typical, due, in part, to its initial consolidation with three similar pending cases.  It is important to note that

the original Case Management Order in this case contemplated several deadlines related to determining whether a class would be certified, including specific deadlines for completing class discovery.  The Case Management Order also included an anticipated April 1, 2006 deadline for a final decision by the Court on whether a class would be certified.  However, certain events, including the decision to sever this case from the three related cases, and this Court's requirement that Plaintiffs file a Third Amended Complaint in this matter, extended those deadlines, and the Court did not issue its decision certifying a class until almost three months later on June 23, 2006.  Under the original Case Management Order, the deadline for amendment of pleadings and joinder of parties was one week later on July 1, 2006.

Although the parties could have conducted discovery unrelated to class certification during the class certification phase, and each party accuses the other of limiting discovery during the class certification phase, the Court finds that the unforseen complications and delays resulting from the severance and class certification issue, not Plaintiffs' lack of diligence, substantially led to Plaintiffs' failure to meet the Case Management Order's amendment of pleadings and joinder of parties deadline.  Accordingly, the Court finds good cause to grant Plaintiffs' motion.  Moreover, given the recent amendments to the Case Management Order, including extending the deadline for fact discovery from December 15, 2006 to

September 28, 2007, the Court finds that extending the amendment of pleadings and joinder of parties deadline will not prejudice Defendant.

The Court finds that a new deadline of April 16, 2007 is appropriate. This will give Plaintiffs time to complete sufficient discovery to decide whether to seek amendment and/or joinder, but will also prevent the need to extend other deadlines recently agreed upon by the parties and adopted by the Court.

## II   Motion to File Amended Answer

For the same reasons discussed above regarding unforeseen complications in this matter, the Court finds that Plaintiffs will not be prejudiced by allowing Defendant to amend its Answer, and good cause exists for granting Defendant's Motion to File Amended Answer. Additionally, the Court does not find, at this time, that Defendant's business justification defense is futile. The defense is sufficiently pled to fulfill the requirements of F.R.C.P. 8(b). *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Based on the information before the Court, the Court does not conclude at this time that the defense would not survive a motion to strike.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Case Management Order Deadline Re: Joinder of Parties (Docket No. 27) shall be, and the same is hereby, GRANTED. The parties shall have until April 16,

2007 to seek amendment or joinder of parties under the liberal Rule 15(a) standard.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Amended Answer to Plaintiff's [Third] Amended Complaint and Demand for Jury Trial (Docket No. 28) shall be, and the same is hereby, GRANTED.  The Court will deem filed Defendant's Amended Answer to Plaintiffs' [Third] Amended Complaint and Demand for Jury Trial, which is attached to its motion to amend (Docket No. 28).



DATED:  **January 12, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge