IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BAFUS/DUDLEY, | ) | |
| | ) | Case No. CV-04-121-S-BLW |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| ASPEN REALTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CURTIS AND GWENDOLYN, BLOUGH, | ) | |
| | ) | |
| | ) | Case No.  CV-06-59-S-BLW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLLAND REALTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| GARY AND SHAWNA YASUDA, | ) | |
| | ) | Case No.  CV-06-060-S-BLW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEL-EQUITY, CO., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Memorandum Decision and Order - 1**

| | |
|---|---|
| MERRITHEW/HOWELL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PARK POINTE REALTY, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No.  CV-06-061-S-BLW |

# INTRODUCTION

The Court has before it several motions by Plaintiffs in each of the above captioned cases.  After the Court granted summary judgment in favor of all defendants on Plaintiffs' antitrust claims, the Court held a status conference with the parties to determine how to proceed with the remaining claims in these cases. Plaintiffs indicated that they could not proceed until the Court ruled on their motions to compel as they relate to the issue of identifying the class.  The Court now issues the following decision on those motions.

# RELEVANT BACKGROUND

Defendants in each of the four cases initially responded to Plaintiffs' discovery requests by identifying subdivisions where Defendants had some type of listing or marketing arrangement with the developer and/or builder during the relevant time period as limited by the statute of limitations.  However, after further study of the subdivisions, Defendants significantly reduced the number of

**Memorandum Decision and Order - 2**

identified subdivisions because they believed that not all of them fell within what became the ultimate class definition in these cases.  In their motions, Plaintiffs assert that they are still entitled to discovery responses relating to all of the subdivisions initially identified by Defendants.

## ANALYSIS

As noted above, the motions to compel were filed before the Court issued its Memorandum Decision and Order granting summary judgment in favor of Defendants on their antitrust claims.  At the subsequent status conference, counsel for Plaintiffs attempted to explain why the section of the motions to compel related to the class definition must be addressed before the cases can proceed.  At this point, the Court is either unpersuaded, or misunderstands Plaintiffs' contention.  As the parties are aware, the Court granted summary judgment in favor of Defendants based on zero foreclosure.  Essentially, the Court found that no plaintiffs wanted to purchase the tied product from another brokerage, and therefore Defendants did not foreclose other brokerages from selling the tied product.  Nothing in Plaintiffs' motions to compel suggests that the result would be different even if the Court granted the motions to compel.  Thus, the Court finds that Plaintiffs' motions to compel are moot.  The Court will also deem moot all other pending motions in all cases.

**Memorandum Decision and Order - 3**

Nevertheless, because the Court may have misunderstood Plaintiffs' counsel's request, the Court will give Plaintiffs an opportunity to file a short brief requesting the relief sought by counsel during the status conference.  The Court cautions counsel, however, that this is not a green light to re-argue the summary judgment decision.  Rather, it is an opportunity for Plaintiffs to request whatever relief is necessary to allow these cases to progress from here.  In that regard, the Court would also urge counsel for the Plaintiff to be as clear and specific as possible.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the following motions: Docket Nos . 131, 134, 147, 148 and 150 in Case No. CV-04-121-S-BLW, Docket Nos. 53, 56 and 74 in Case No. CV-06-59-S-BLW, Docket Nos. 73, 77 and 92 in Case No. CV-06-60-S-BLW, and Docket Nos. 68, 72 and 87 in Case No. 06-61-S-BLW, shall be, and the same are hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiffs may file a short brief, no more than 10-pages in length, on or before February 8, 2008, requesting relief as outlined above.  Defendants may file a response brief, no more than 10-pages in length, on or before February 25, 2008, and Plaintiffs may file a reply brief, not more than 5-pages in length, on or before March 3, 2008.  Alternatively, if

**Memorandum Decision and Order - 4**

Plaintiffs choose not to file such motions, the parties shall meet and confer about a plan for going forward in these cases.  The parties shall then file a stipulated plan, or separate plans if the parties cannot agree, on or before February 25, 2008.

DATED: **January 22, 2008**

*[Signature]*

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**